# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1882.

## JOSEPH MILLS
### v.
## CHARLES C. BUFFIN.

EVIDENCE—MASTER AND SERVANT.—Appellee brought suit on a *quantum meruit* for work and labor. Appellant set up an express contract for a specified term and the quitting of appellee before its expiration. *Held*, that it was error for the court to permit appellee to set up a slight sickness which had not continued up to the time he left, as a justifying cause for leaving appellant's employ, since appellee had not been required to work when he was ill, and had voluntarily resumed work on the next day. It was also error for the court to refuse to allow appellant to offer testimony, tending to impeach appellee's general reputation for truth.

ERROR to the Circuit Court of Putnam county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed February 9, 1883.

Messrs. MILLS BROTHERS, for plaintiff in error; that where a farm hand has a cause for abandoning his contract with his employer he must take advantage of it at the time it occurs; if he fails to do so, the law conclusively presumes he has waived and condoned it, cited Wood's Law of Master and Servant, § 142; Brown v. Kimball, 12 Vt. 617; Seeds v.

Simpson, 16 Critchf. (Ohio) 321; Thayer v. Wadsworth, 19 Pick. 349; Forsyth v. Hastings, 27 Vt. 646; Angle v. Hanna, 22 Ill. 429.

A farm hand can not recover upon a *quantum meruit* in an action for wages on an implied contract, when there is an express contract: Eldridge v. Rowe, 2 Gilm. 91; Hansell v. Erickson, 28 Ill. 257; Badgley v. Heald, 4 Gilm. 64; Swanzey v. Moore, 22 Ill. 64; Angle v. Hanna, 22 Ill. 429; Thrift v. Payne, 71 Ill. 408.

Where an express contract exists, burden of proof is upon party seeking to recover upon it, to show either performance or justifiable cause for non-performance: Wood's Law of Master and Servant, § 145; 3 Wait's Actions and Defenses, 605; Thayer v. Wadsworth, 19 Pick. 349; Sanderson v. Brown, 57 Me. 308; Buchman v. Myer, 49 Cal. 220; Tozer v. Hutchinson, 1 N. B. 540; Oakley v. Morton, 11 N. Y. 25; Noble v. James, 2 Grant (Pa.) 278; Stark v. Parker, 2 Pick. 267; Lantry v. Parks, 8 Cowen, 63.

PER CURIAM. Defendant in error having filed no brief, we might reverse the judgment for that reason under the rule, but being uncertain whether he had abandoned his claim we have examined the record.

He brought the suit upon a *quantum meruit* for work and labor, and introduced proof of its amount and value, which was not denied, but the defendant set up an express contract to work for a specified term, and a breach thereof by quitting, without just cause, before its expiration, and introduced evidence strongly tending to prove it.

In rebuttal the plaintiff in his own behalf testified to his sickness, which was slight, on the day before he quit, but not continuing up to that time. He was not required to work on the day he was sick, and voluntarily resumed on the next; but in the meantime had engaged to work elsewhere and left on that evening without notice.

To the evidence of such sickness, as a justifying cause for leaving, the defendant objected, but the court admitted it. Defendant then offered evidence tending to impeach the

plaintiff's general reputation for truth, which was refused on the ground that it came too late.

On both points the ruling was erroneous and the judgment is therefore reversed and the cause remanded.

Reversed and remanded.